NUMBER 13-03-154-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ISRAEL NARANJO,                                                                    Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 156th District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Garza
 
Appellant, Israel Naranjo, pled guilty to the offense of possession of an illegal
weapon, a third degree felony. Tex. Pen. Code Ann. § 46.05 (Vernon 2004). The trial
judge originally assessed punishment at eight years of community supervision. However,
because of appellant’s failure to comply with the terms and conditions of his supervision,
the trial court subsequently revoked community supervision and assessed punishment at
ten years confinement in the Texas Department of Criminal Justice–Institutional Division. 
We affirm.
Appellant’s sole issue is that the punishment of ten years confinement violates the
Eighth and Fourteenth Amendments of the United States Constitution because the
punishment is disproportionate to the seriousness of the alleged offense. Appellant
contends that it is within the appellate court’s power to review an imposed sentence and
to determine if the sentence passes constitutional muster.
In order for an appellant to bring a complaint of disproportionate punishment under
appellate review, the appellant must first raise a timely objection to his sentence at trial. 
See Tex. R. App. P. 33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim.
App. 1996). The record indicates that appellant did not raise an objection to his sentence
at the time it was announced, and his failure to do so constitutes a waiver of his
constitutional right. See Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.–Corpus
Christi 1989, pet. ref’d).
Accordingly, appellant’s sole point of error is overruled and the judgment of the trial
court is affirmed.
 
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not Publish.
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 24th day of June, 2004.